# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-384V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| TOMMY E. MARTIN, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: February 27, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*John Beaulieu*, Siri & Glimstad LLP, Louisville, KY, for Petitioner.

*Emilie Williams*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART MOTION FOR INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On April 4, 2022, Tommy E. Martin filed a petition seeking compensation under the national Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that he suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of receiving the Hepatitis A ("Hep A") vaccination on June 28, 2018. Petition (ECF No. 1) at 1.

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated Dec. 19, 2024 (ECF No. 41) ("Interim Fees Mot."). It is the first fees request in this case, and is occasioned by the substitution of counsel in the matter. *See* Motion to Substitute Attorney, dated Dec. 20, 2024 (ECF No. 42). Petitioner requests a total of $37,501.44 ($32,562.50 in

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

attorney's fees, $4,536.94 in costs, plus $402.00 in costs personally incurred by Petitioner) for the work performed by previous counsel (Andrew Downing of Downing, Allison & Jorgenson). *Id.* at 6. Respondent reacted to the interim fees request on January 15, 2025. Response, dated Jan. 15, 2025 (ECF No. 44) ("Resp."). Respondent takes no position on the appropriateness of an interim award, and otherwise defers the calculation of any amount to be awarded to my discretion. Resp. at 2, 4. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$36,526.44**.

## ANALYSIS

### I. Requests for Interim Attorney's Fees and Costs

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis. *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs incurred to that point in time, but prior to the case's full resolution, may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). But because no entitlement determination has been (usually) made at the time an interim award is sought, the party requesting such an award must meet the reasonable basis standard applicable to literally "unsuccessful" cases. *Avera*, 515 F.3d at 1352.

While there is no presumption of entitlement to interim fees and costs awards (rendered in advance of a case's final determination), special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) if the amount of fees requested exceeds $30,00.00; 2) where expert costs are requested, if the aggregate amount is more than $15,00.00; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). In addition, the withdrawal or substitution of counsel is often deemed reasonable grounds in and of itself for an interim award (except where the special master has foundational concerns about the claim's reasonable basis).

In this case, I find an interim award is appropriate. Prior counsel ably assisted a *pro se* litigant in correcting some quasi-jurisdictional deficiencies (primarily related to where the matter

2

was initiated) that could have prevented an otherwise objectively-supported claim from being litigated—and for that "success" alone fees are warranted, regardless of the matter's ultimate disposition. I also do not presently have any other reasonable basis concerns about the Petition (and Respondent has made no argument to the contrary). In addition, the other indicia I consider significant in interim award requests have been met. This matter has been pending for approximately three years, expert reports have been filed, and the requested fees are substantial. And no other circumstances exist that make an interim award inappropriate.

II.     **Calculation of Fees**

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

|  | 2022 | 2023 | 2024 |
|---|---|---|---|
| **Andrew Downing** (Attorney) | $445.00 | $445.00 | $485.00 |
| **Ann Allison** (Attorney) | $415.00 | $415.00 | $435.00 |
| **Courtney Jorgenson** (Attorney) | $345.00 | $345.00 | $375.00 |
| **Alex Malvick** (Paralegal) | $155.00 | $155.00 | $175.00 |
| **Danielle Avery** (Paralegal) | $155.00 | $155.00 | $175.00 |

3

| Samantha Perez (Paralegal) | -- | -- | $175.00 |
|---|---|---|---|

Interim Fees Mot. at 9–10, 12–25.

Mr. Downing, Ms. Jorgenson, and Ms. Allison practice in Phoenix, Arizona—a jurisdiction that has been deemed "in forum," and thus entitling them to commensurate rates established in *McCulloch*. *See Rich v. Sec'y of Health & Hum. Servs.*, No. 12-742V, 2017 WL 1435879 (Fed. Cl. Spec. Mstr. Mar. 28, 2017). The requested rates for 2023 and 2024 are consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters' fee schedule.[3] *Cracraft v. Sec'y of Health & Hum. Servs.*, No. 20-0562V, 2024 WL 2992939 (Fed. Cl. Spec. Mstr. May 9, 2024). And I find no reason to reduce any time billed to the matter, as reflected in the filed invoices.

It appears, however, that the requested 2022 rates are inconsistent with what has previously been awarded to Mr. Downing and Ms. Jorgenson. *See Einweck v. Sec'y of Health & Hum. Servs.*, No. 20-559V, 2022 WL 3011016 (Fed. Cl. Spec. Mstr. Jun3 24, 2022); *Thoma v. Sec'y of Health & Hum. Servs.*, No. 19-1848V, 2022 WL 3573421 (Fed. Cl. Spec. Mstr. July 14, 2022) (awarding rates of $415.00 and $325.00 for time billed in 2022); *see also Zollman v. Sec'y of Health & Hum. Servs.*, No. 22-802V, 2025 WL 512605 (Fed. Cl. Spec. Mstr. Jan. 13, 2025). I find no reason to deviate from such reasoned determination, and hereby reduce the rates requested herein to be consistent with the aforementioned decisions. This results in a reduction of attorney's fees to be awarded of **$573.00**.[4]

### III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $4,536.94 in outstanding costs, including medical record retrieval costs, mailing costs, and costs associated with the work of a single expert, Asif M. Ilyas, M.D. Interim

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node2914 (last visited Feb. 26, 2025).

[4] This amount consists of (($445.00 - $415.00 = $30.00 x 15.7 hrs.) = $471.00) + ($345.00 - $325.00 = $20.00 x 5.1 hrs.) = $102.00) = $573.00.

Fees Mot. at 25. Dr. Ilyas received a $3,000.00 retainer, and submitted an invoice for a remaining balance of $1,500.00 (billing at an hourly rate of $500.00 for 8.5 hours of work). *Id.* at 36. The total amount for his services was reasonable for the work performed, and I do not find any reason to make any reductions. I also find the other litigation costs are reasonable and typical in Program cases. Thus, they shall also be awarded in full without reduction.[5]

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT IN PART** Petitioner's Interim Motion for Attorney's Fees and Costs, and award a total of **$36,526.44** (reflecting $31,989.50 in attorney's fees, $4,536.94 in attorney's costs), to be paid through an ACH deposit to Petitioner's former counsel, Andrew D. Downing's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Additionally, Petitioner requests a total of $402.00 in personally incurred costs for the Court's filing fee. Id. at 1–2, 6, 10. However, I will defer reimbursement of that sum until the case's conclusion, and will award it when new counsel submit their final fees request.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.