# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-384V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | \* | |
| TOMMY E. MARTIN, | \* | Chief Special Master Corcoran |
| | \* | |
| Petitioner, | \* | Filed:  June 22, 2026 |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*John Beaulieu*, Siri & Glimstad LLP, Louisville, KY, for Petitioner.

*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On April 4, 2022, Tommy E. Martin filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1) at 1. Petitioner alleged that he developed a shoulder injury related to vaccine administration ("SIRVA") as a result of the hepatitis A vaccine administered to him on June 28, 2018. *Id.*

On December 13, 2023, Respondent filed his Rule 4(c) Report recommending against compensation. *See* Report, dated Dec. 13, 2023 (ECF No. 36). Thereafter, the parties filed briefs on the issue of entitlement and on December 19, 2025, I issued a Ruling on Entitlement finding Petitioner entitled to compensation. Ruling, dated Dec. 19, 2025 (ECF No. 63).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On June 17, 2026, Respondent filed a proffer proposing an award of compensation. *See* Proffer, dated Jun 17, 2026 (ECF No. 69). I have reviewed the file, and based upon that review I conclude that the Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The proffer awards:

- A lump sum payment of **$40,810.00**, representing compensation for pain and suffering ($40,000.00), and past unreimbursable expenses ($810.00), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner, Tommy E. Martin.

Proffer at I, II. These amounts represent compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| TOMMY E. MARTIN,            ) <br><br> Petitioner,           ) <br>        ) <br> v.                       ) <br>        ) <br> SECRETARY OF HEALTH AND HUMAN ) <br> SERVICES,            ) <br>        ) <br> Respondent.        ) <br>        ) | No. 22-384V <br> Chief Special Master Corcoran <br> ECF |

### PROFFER ON AWARD OF COMPENSATION[1]

On April 4, 2022, Tommy E. Martin filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he developed a shoulder injury related to vaccine administration ("SIRVA") as a result of the hepatitis A vaccine administered to him on June 28, 2018. Petition at 1.

On December 13, 2023, respondent filed his Rule 4(c) Report recommending against compensation. ECF No. 36. The parties subsequently filed briefs on the issue of entitlement. ECF Nos. 60-62. On December 19, 2025, the Court issued a Ruling on Entitlement finding petitioner entitled to compensation.[2] ECF No. 63.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's December 19, 2025 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the Damages Decision.

## I.    Items of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded the following:

### A.  Pain and Suffering

Respondent proffers that petitioner should be awarded **$40,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$810.00**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[3]

A lump sum payment of **$40,810.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Tommy E. Martin.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.

2

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

*/s/ Emilie F. Williams*
EMILIE F. WILLIAMS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 305-0124
E-mail:  emilie.williams@usdoj.gov

Date: June 17, 2026

3

CERTIFICATE OF SERVICE

I certify that today, June 17, 2026, a copy of the foregoing pleading was served by electronic mail to John Beaulieu at jbeaulieu@sirillp.com.

/s/*Emilie F. Williams*
Emilie F. Williams
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station Washington,
D.C. 20044-0146
Direct dial: (202) 305-0124
Email:  emilie.williams@usdoj.gov

4