# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 22-384V

| | | |
|---|---|---|
| TOMMY E. MARTIN, Petitioner, | | Chief Special Master Corcoran |
| v. | | Filed: September 8, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES Respondent. | | |

*John Beaulieu*, Siri & Glimstad LLP, Louisville, KY, for Petitioners.

*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Petitioner.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On October 24, 2022, Tommy E. Martin filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that a hepatitis A vaccine administered to him on June 28, 2018, caused him to develop a shoulder injury related to vaccine administration. Petition (ECF No. 1) at 1. After the parties briefed their respective positions, I ruled in favor of entitlement for Petitioner. *See* Ruling, dated Dec. 19, 2025 (ECF No. 63). Thereafter, the parties successfully settled the matter of damages, and a decision awarding the agreed upon figure was subsequently issued. *See* Damages Decision, dated June 22, 2026 (ECF No. 70).

Petitioner previously obtained an interim award of attorney's fees and costs in December 2024 for work performed by his initial counsel. Decision—Interim Attorney's Fees and Costs,

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

dated Feb. 27, 2025 (ECF No. 50). Petitioner has now filed a motion for a final fees award. *See* Motion, dated July 6, 2026 (ECF No. 74) ("Final Fees Mot."). Petitioner requests a total of **$36,266.95** (reflecting $33,187.70 in fees, plus $3,079.25 in costs) for the work of current counsel and paralegals at Siri & Glimstad, LLP. Final Fees Mot. at 1. Respondent reacted to the fees request on July 22, 2026. *See* Response, dated July 22, 2026 (ECF No. 76) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees and costs award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 4. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$36,266.95**.

## I. Calculation of Fees

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

| | 2024 | 2025 | 2026 |
|---|---|---|---|
| **John Beaulieu (Attorney)** | $311.00 | $360.00 | $425.00 |
| **Joseph Baglieri (Attorney)** | -- | $438.00 | $485.00 |
| **Paralegals** | $187.00 | $195.00 | $210.00 |

Final Fees Mot. at 3, 5; ECF No. 74-2 at 1–18.

The attorneys in question have been recognized to practice in forum, entitling them to rates commensurate to what was established in *McCulloch*. *See Rossiter v. Sec'y of Health & Hum. Servs.*, No. 20-1888V, 2023 WL 3778899, at *2 (Fed. Cl. Spec. Mstr. June 2, 2023). The rates requested are also consistent with what has previously been awarded for the work of these attorneys, in accordance with the Office of Special Masters' fee schedule.[3] *See Sukhraj v. Sec'y of Health & Hum. Servs.*, No. 23-2176V, 2026 WL 1821373, at *2 (Fed. Cl. Spec. Mstr. May 19, 2026); *Akers v. Sec'y of Health & Hum. Servs.*, No. 25-0442V, 2026 WL 2334667 (Fed. Cl. Spec. Mstr. July 6, 2026); *Weil v. Sec'y of Health & Hum. Servs.*, No. 24-1858V, 2025 WL 3023115 (Fed. Cl. Spec. Mstr. Sept. 24, 2025). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $3,079.25 in outstanding litigation costs, including medical record retrieval costs, transcript retrieval costs, and costs associated with the work of a single expert—Dr. Asif Ilyas. ECF No. 74-2 at 18–27. Dr. Ilyas prepared two written reports in the matter and submitted a total invoice of $3,000.00 (reflecting six hours of work at $500.00/hour). Such costs are typical in Program cases and were reasonably incurred in this matter. Thus, I do not find any reason to make any reductions.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Motion for Attorney's Fees and Costs

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Sept. 8, 2026).

in its entirety. Petitioners are awarded a total amount of **$36,266.95**, reflecting $33,187.70 in fees and $3,079.25 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision. [4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.